UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| TALK CITY, INC., | ) | CHAPTER 7 |
| | ) | CASE NO. 02-10861-JBR |
| Debtor. | ) | |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO EMPLOY
DILKS & KNOPIK, LLC AS COLLECTIONS AGENT**

Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, Mark G. DeGiacomo, the duly-appointed Chapter 7 Trustee (the "Trustee") for the above-captioned debtor (the "Debtor") hereby moves this Court for an Order authorizing his employment of Dilks & Knopik, LLC, which maintains a principal place of business at 28431 SE Preston Way, Issaquah, Washington, as his collections agent (the "Collections Agent") to assist in the collection of a certain unclaimed distribution due the Debtor as a creditor in another bankruptcy case.

In further support of this Motion, the Trustee states the following:

1. On February 6, 2002, the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.

2. On August 7, 2002, this case was converted to Chapter 7 of the Bankruptcy Code.

3. On August 7, 2002, Mark G. DeGiacomo was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

4. On March 6, 2006, the Trustee filed his Final Report and Account Before Distribution with the Court which was approved by this Court by an order dated April 25, 2006,

5. On February 16, 2007, the Trustee filed his Final Report and Account After Distribution (the "Distribution Report").

6. On February 21, 2007, this Court entered an Order approving the Distribution Report, closing the Debtor's case and discharging the Trustee.

7. On March 11, 2008, the Trustee was advised by Debtor's counsel, Pamela A Harbeson, that the Collections Agent had discovered an unclaimed distribution in the amount of $23,812.25 which is due the Debtor from a bankruptcy estate in which the Debtor filed a proof of claim (the "Unclaimed Distribution").

8. On March 18, 2008 the Trustee filed a Motion to Reopen the Chapter 7 Case which the Court allowed on March ___, 2008.

9. Subject to approval by this Court, the Trustee will enter into the Service Agreement for the Recovery of Unclaimed or Abandoned Property/Funds, attached hereto as Exhibit A, pursuant to which the Collections Agent will collect the Unclaimed Distribution on behalf of the bankruptcy estate (the "Agreement").

10. The Agreement provides that the Collections Agent will be entitled to a contingent fee of 10% of any funds recovered by the Collections Agent on behalf of the Debtor (the "Fee"). The Trustee requests that he be authorized to pay the Fee to the Collections Agent following the Trustee's receipt of the Unclaimed Distribution without the necessity of the filing a fee application or obtaining further order from the Court.

11. To the best of the Trustee's knowledge, the Collections Agent does not represent any interest adverse to the estate of the Debtor and is a disinterested person as that term is defined in 11 U.S.C. § 101(14) as it applies to 11 U.S.C. § 327(a).

12. The Trustee believes that the employment of the Collections Agent is in the best interests of the bankruptcy estate because the Collections Agent has substantial experience in collecting unclaimed bankruptcy distributions.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the employment of Dilks & Knopik, LLC pursuant to the terms of the Agreement.

                    MARK G. DEGIACOMO, CHAPTER 7
                    TRUSTEE OF TALK CITY, INC.,

                    By his attorneys,

                    /s/ Ryan M. MacDonald
                    Mark G. DeGiacomo, Esq. BBO# 118170
                    Ryan M. MacDonald, Esq. BBO# 654688
                    Murtha Cullina LLP
                    99 High Street
                    Boston, MA 02110
                    (617) 457-4000 Telephone
Dated:  April 4, 2008          (617) 482-3868 Facsimile

376992-1                    3